IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALDINE MAEZ,
*on behalf of*
MIGUEL E. MAEZ, Jr.,

        Plaintiff,

v.                                                                             1:16-cv-00766-LF

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,

        Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court upon attorney Michael Armstrong's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed on September 18, 2018. Doc. 32. The motion seeks $16,694.25 in attorney fees for legal services rendered before the Court. *Id.* at 1. The Commissioner states that she is not a party to § 406(b) fee awards and takes no position on the motion. Doc. 33 at 2. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well taken and will GRANT it.

**I.**    **Procedural History**

Mr. Maez filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits on April 22, 2009. AR 133–41, 153–55.[1] After being denied initially and

---

[1] Document 13-1 through 13-62 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

upon reconsideration, Mr. Maez requested and received a hearing before an Administrative Law Judge ("ALJ").  AR 52–78, 85–88, 90–97.  The ALJ issued her unfavorable decision on September 23, 2011.  AR 35–51.  Mr. Maez requested that the Appeals Council review the ALJ's unfavorable decision, and submitted additional medical evidence.  AR 30–33, 230–35.  On February 21, 2013, the Appeals Council denied the request for review.  AR 7–13.  Mr. Maez first appealed to this Court on April 24, 2013.  *Maez. v. Social Security Admin*., No. 13cv381 WPL (Doc. 1) (D.N.M.).  On July 21, 2014, Magistrate Judge Lynch remanded this case, due in part to the ALJ's failure to evaluate "all of the evidence in the record to determine the extent to which Dr. Weather's [July 20, 2011, AR 810] opinion that Maez is unable to work is supported by that record," and due to the ALJ's failure to "describe how Dr. Weather's opinion was inconsistent with the medical evidence."  AR 896.

On March 11, 2013, while his first appeal was pending in this Court, Mr. Maez filed a second claim for SSI.  AR 836, 929.  On November 4, 2014, after receiving Judge Lynch's remand order, the Appeals Council vacated the decision of the Commissioner, remanded the case to the ALJ, and consolidated Mr. Maez's claims.  *Id.*  On August 4, 2015, the ALJ held a second hearing.  AR 855–78.  On September 26, 2015, Mr. Maez died from a ruptured abdominal aortic aneurysm.  AR 1020.  His widow, Geraldine Maez, filed a notice to become a substitute party and proceed with Mr. Maez's claim.  AR 1018.  On March 7, 2016, the ALJ issued her second decision, which was partially favorable—finding him disabled as of September 5, 2014, when his age category changed to "an individual closely approaching advanced age."  AR 832–54. Because this Court had previously remanded Mr. Maez's case, Mr. Maez was not required to seek Appeals Council review again, and Mr. Maez timely appealed to this Court on July 1, 2016. Doc. 1; *see also* 20 C.F.R. § 404.984(a).

Mr. Maez filed his Motion to Reverse and Remand for a Rehearing with Supporting Memorandum on February 24, 2017. Doc. 19. The Court granted this motion, remanded, and entered a final judgment on December 14, 2017 in favor of Mr. Maez, finding that the ALJ failed to properly apply the treating physician rule to the opinion of Mr. Maez's treating cardiologist, Dr. Weathers. Docs. 26, 27. On March 22, 2018, Mr. Maez filed an Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, requesting $6,700.00 in attorney fees. Doc. 30. The Court granted this motion. Doc. 31.

On remand, the Appeals Council—after consulting a Council medical consultant who agreed with treating physician Dr. Weather's assessment that Mr. Maez was unable to work—found that Mr. Maez met a listing for aneurysm of aorta or major branches and found him disabled from his alleged onset date of April 6, 2009. Doc. 32-1 at 4–7. The Social Security Administration awarded Mr. Maez $66,777.00 in back benefits. *Id*. at 13–16. The Commissioner withheld $16,694.25 from his past-due benefits to pay for attorney fees. *Id*. at 13. Mr. Armstrong now requests that he be awarded the $16,694.25 as attorney fees for legal services rendered before this Court. Doc. 32 at 2.

## II.     **<u>Standard</u>**

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both EAJA

and under § 406. *Id.* at 497.[2] If the Court awards both EAJA fees and § 406 fees, however, counsel must refund the smaller amount to the claimant. *Id.*

> Under 42 U.S.C. § 406(b)(1),
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney fees is a matter within the sound discretion of the court. *Id.* "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social

---

[2] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed

5

within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III. Analysis

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. Plaintiff signed a fee agreement on April 8, 2016, which states in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> I understand that the federal court m[a]y order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 32-1 at 23. Thus, the Fee Agreement meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel has shown that $16,694.25 is reasonable for his representation of plaintiff before this Court. Counsel devoted 25.86 hours to representing plaintiff on appeal before this Court. Docs. 32 at 4, 32-1 at 20–22. Attorney Michael Armstrong has specialized in disability cases for over twenty years, Doc. 32-1 at 24–25, and "the ability and skill of a more experienced attorney . . . offset[s] the number of hours put in by one who is not familiar with the applicable statutes and regulations." *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir. 1982). Next, the Court finds that Mr. Armstrong obtained a favorable outcome for plaintiff, and

he was not responsible for any appreciable delay in resolution of the case.[3]  Finally, the Court finds that the award would not be disproportionately large in comparison to the amount of time spent on the case.  Mr. Armstrong requests $16,694.25 for 25.86 hours of work, or $645.56 per hour.  Doc. 32 at 1–2.  This is in line with awards in this district.  *See, e.g.*, *Valdez v. Barnhart*, No. 00cv1777 MV/LCS (Docs. 26, 28) (D.N.M. Dec. 16, 2005) (awarding $12,000 for 18.6 hours of work, or $645.16 per hour); *Monger v. Colvin*, No. 13cv156 JB/CG (Doc. 37) (D.N.M. Sept. 2, 2016) (awarding $25.947.00 for 38.55 hours of work, or $673.07 per hour).  The amount requested is reasonable.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 32) is GRANTED.  Counsel is awarded $16,694.25 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.

IT IS FURTHER ORDERED that counsel will refund to plaintiff the $6,700.00 of attorney fees awarded under EAJA, 28 U.S.C. § 2412.  *See* Doc. 31.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent

---

[3] Mr. Armstrong requested two extensions of time to file the Motion to Reverse or Remand in this case.  Docs. 16, 18.  These extended the deadline from January 30, 2017 to February 27, 2017.  Docs. 15, 20.  The Court finds that these brief extensions of time did not appreciably delay resolution of this case.